Mason *v.* The Louisiana State Marine and Fire Insurance Co.

---

JOHN CHARLES MASON *v.* THE LOUISIANA STATE MARINE AND FIRE INSURANCE COMPANY.

In an action on a policy of insurance, an allegation in the petition that the defendants were legally put in default will be sufficient, without expressly alleging a compliance in detail with the provisions of the policy, where such compliance is proved on the trial.

A new trial should never be granted, where the ends of justice have been attained.

The verdict of a jury will not be disturbed, where it does not appear that the judge, from whom a new trial was asked, erred in refusing it.

APPEAL from the Commercial Court of New Orleans, *Watts* J.

*Roselius*, for the plaintiff.

*C. M. Conrad*, for the defendants.

MARTIN, J.* ,The defendants are appellants from a judgment by which the plaintiff has recovered the value of goods insured in their office, and destroyed by fire. The answer admits the insurance, and that a portion of the goods insured was destroyed by fire. It denies all other allegations in the petition, and especially that the damage amounted to the sum claimed; it avers that the plaintiff has exaggerated his loss, with a view to defraud the defen-

---

\* *Morphy*, J., being interested, did not sit on the trial of this case.

dants, and under a clause of the policy has forfeited his claim. The plaintiff had a verdict, which the defendants attempted to set aside, on the ground that it was contrary to law and evidence ; and that the plaintiff offered no proof of compliance with the several conditions of the policy, particularly of the preliminary proofs of loss. The new trial was refused. Our attention is arrested by a bill of exceptions to the opinion of the first judge, sustaining the defendant's opposition to the production to a witness of a statement of the loss made by the plaintiff, who had called this witness. As the bill of exceptions was taken by the appellee, who has obtained a judgment of which he does not seek the amendment, it is useless to examine whether the judge erred, as the error, if there be any, wrought no injury to the plaintiff.

The appellants' counsel has urged that the judge erred in overruling his objection to the verdict, on the ground that no proof of compliance with the several conditions of the policy was offered, and particularly of the preliminary proofs of loss. By a clause in the policy, article 7, it is provided, that ' all persons assured by this company, sustaining any loss or damage by fire, are forthwith to give notice to this company, and, as soon as possible after, to deliver in as particular an account of their loss or damage, signed with their own hands, as the nature of the case will admit of, and make proof of the same by their oath or affirmation, and by their books of account, or other proper vouchers, as shall be reasonably required ; and shall procure a certificate under the hands of a magistrate, or sworn notary of the city or district, in which the fire happened, not concerned in such loss, importing that he is acquainted with the character and circumstances of the person or persons insured, and knows or verily believes that he, she, or they really, and by misfortune, without any kind of fraud or evil practice, have sustained by such fire, loss or damage to the amount therein mentioned ; and until such affidavit and certificates are produced, the loss money shall not be payable ; also, if there appears any fraud or false swearing, the claimant shall forfeit his claim to restitution or payment, by virtue of this policy.'

The petition does not express a compliance in detail with the provisions of this clause, but alleges that the defendants were legally put in default. The record exhibits proof of the plaintiff

having furnished the defendants with the statement of his loss required in the above article. The president of the company was called upon to produce, and actually brought into court the statement of the loss, delivered to him by the plaintiff. This is the statement, to the truth of which the plaintiff sought the testimony of the witness, on the rejection of which, a bill of exceptions was taken. It is therefore clear that the statement of the loss was delivered by the plaintiff. It is not alleged that it was delivered untimely, nor that any proof was required preliminarily. The statement is certainly a notice, the judge therefore did not err in refusing the new trial, on the alleged ground of the due notice and statement not having been given. It does not appear that the absence of the certificate was urged before the jury. The certificate was to state that the officer who grants it, knows the character and circumstances of the party, and knows or verily believes, that without any fraud or evil practice, he has sustained a loss to the amount claimed. The answer admits the loss of the plaintiff to a certain amount, but complains of its exaggeration only. The unqualified admission of the destruction of part of the goods insured, excludes the idea of a destruction by fraud or evil practice. The exaggeration was therefore the only matter in issue. On this part of the case, the certificate of the justice or notary, would be of very little aid, for it suffices that he shall certify his belief. The jury was of opinion that there was no exaggeration. The first judge thought that there was not any, and we are unable to come to a different conclusion. A new trial ought never to be granted when the court is of opinion that the ends of justice have been attained; and this court will never disturb a verdict, when it does not appear to them, that the judge from whom a new trial was asked, did not err in refusing it. On the merits, the case is clearly with the plaintiff.

*Judgment affirmed.*